■ Dominga Agramonte et al., Appellants, v City of New York et al., Respondents. [732 NYS2d 414] —Order, Supreme

Court, New York County (Marcy Friedman, J.), entered January 24, 2001, which denied plaintiffs' motion for partial summary judgment as to liability only, unanimously reversed, on the law and the facts, without costs, the motion granted, and the matter remitted to the Supreme Court, New York County for a trial on the issue of damages.

It is well settled that a rear-end collision with a stopped vehicle creates a presumption that the operator of the moving vehicle was negligent. The injured occupant of the front vehicle is entitled to summary judgment on liability unless the driver of the second vehicle provides a non-negligent explanation for the collision (*see, Johnson v Phillips*, 261 AD2d 269, 271; *Danza v Longieliere*, 256 AD2d 434, *lv dismissed* 93 NY2d 957). This rule has been applied where, as here, the front vehicle stops suddenly in slow-moving traffic (*see, Mascitti v Greene*, 250 AD2d 821, cited with approval by *Johnson v Phillips, supra*, at 271).

We find defendant driver's deposition testimony, that plaintiff Dominga Agramonte's sudden stop caused the accident, insufficient to rebut the presumption of negligence under all of these circumstances. Here, defendant driver admitted he was operating his sanitation truck at 20 miles per hour notwithstanding that he was momentarily blinded by the sun and that traffic was "heavy" on 65th Street, which runs through Central Park. Indeed, this Court has found a defendant driver's negligence to be the sole proximate cause of a rear-end collision where the preceding auto was stopped for about five seconds prior to the collision, and defendant driver was allegedly unable to see the car in front of him due to sun glare (*see, Johnson v Phillips, supra*). Since defendants failed to offer a non-negligent explanation for the happening of the accident, the court erred in denying plaintiffs' motion for partial summary judgment on the issue of liability (*see, Bando-Twomey v Richheimer*, 229 AD2d 554). Concur—Rubin, J. P., Saxe, Buckley, Friedman and Marlow, JJ.