■ JOSHUA B. WILSON, Plaintiff, v CERTAIN CAB CORP. et al., Appellants, and AMERADA HESS CORP. et al., Respondents. [756 NYS2d 202] —Judgment, Supreme Court, New York County (Richard Sise, J., and a jury), entered May 28, 2002, in an action for personal injuries arising out of an automobile accident, awarding plaintiff damages based upon an apportionment of

15% against plaintiff, and, insofar as appealed from as limited by the briefs, 0% against defendants-respondents truck owner and truck driver and 85% against defendants-appellants cab owner and cab driver, unanimously affirmed, with costs.

The apportionment is fairly supported by evidence showing that appellant cab driver, after passing respondent truck driver on the left and then observing a double-parked car in his lane only about a block ahead, attempted to squeeze into the adjacent lane on his right, in front of the truck, without enough clearance to do so safely (see Vehicle and Traffic Law § 1122 [a]; § 1128 [a]). Such evidence included data from a "tachograph" installed on the truck showing that it was traveling no faster than 21.4 miles per hour, police testimony as to the location and extent of the damage sustained by the vehicles, and unrefuted expert testimony reconstructing the accident based on such damage, all of which corroborated the truck driver's account of how the cab suddenly veered into the truck in an attempt to change lanes. Such evidence also warranted the charging of the emergency doctrine (see Kuci v Manhattan & Bronx Surface Tr. Operating Auth., 88 NY2d 923 [1996]). Appellants' challenge to the emergency doctrine charge is preserved only as to whether it should have been given, not as to whether it was properly given, and we decline to review the particular language used. Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.