■ Sandra Mullen, Plaintiff, v Jean Rigor et al., Respondents, and Jaswinder Singh et al., Appellants, et al., Defendants. [778 NYS2d 168]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 15, 2003, which denied the motion of defendants Jaswinder Singh and Marlboro Cab Corporation for summary judgment dismissing the complaint and any cross claims against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint and any cross claims as against them.

The driver of a stopped vehicle which is struck from behind by another vehicle is entitled to summary judgment unless the driver of the following vehicle presents a nonnegligent explanation for the accident (*Jean v Xu*, 288 AD2d 62 [2001]), or a nonnegligent reason for her failure to maintain a safe distance between her car and the lead car (*Mitchell v Gonzalez*, 269 AD2d 250, 251 [2000]). It is undisputed that Singh's taxi, which was ahead of that of codefendant Rigor, was stopped when the accident occurred. The claim that the taxi stopped suddenly is not enough to rebut the presumption of nonnegligence on the part of the lead vehicle (*see e.g. Agramonte v City of New York*, 288 AD2d 75, 76 [2001]). Moreover, there is no testimony from defendant Rigor or plaintiff as to why a safe distance between the two vehicles could not have been maintained. Accordingly, there are no triable issues, and summary judgment should have been granted dismissing the matter as against Singh and Marlboro. Concur—Mazzarelli, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.