■ Craig C. Woodley, Plaintiff, v Cesar Ramirez et al., Defendants. (Action No. 1.) Dawn Borden, Respondent, v Iliana Delgado-Cruz, Sued Herein as Iliana Delgado, et al., Defendants, Craig C. Woodley, Appellant, and Howard Dunn, Respondent. (Action No. 2.) [810 NYS2d 125]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about November 4, 2004, which denied defendant Craig C. Woodley's motion for summary judgment dismissing the complaint and all cross claims against him in Action No. 2, unanimously reversed, on the law, without costs, and the mo-

tion granted. The Clerk is directed to enter judgment in favor of defendant Woodley dismissing the complaint and all cross claims against him in Action No. 2.

This consolidated action arises out of a rear-end collision which occurred on Allerton Avenue in the Bronx near the intersection of White Plains Road. Craig C. Woodley, defendant in Action No. 2, was driving his vehicle westbound on Allerton Avenue in the right lane of traffic. Plaintiff Dawn Borden was a front passenger in his vehicle. When a stretch limousine pulled out suddenly from a parking space into Woodley's lane of traffic, he applied his brakes and pulled to the left. Woodley avoided the limousine, but was struck from behind by a vehicle operated by defendant Cesar Ramirez and owned by defendant Iliana Delgado-Cruz. The limousine, owned by defendant Howard Dunn, left the scene of the accident.

Woodley commenced an action against Ramirez, Delgado-Cruz, Dunn, and "John Doe," the driver of the limousine. Thereafter, Borden commenced a second action against the same defendants as well as against Woodley.

Defendant Woodley moved for summary judgment dismissing the complaint and cross claims in the second action on the ground that he was not responsible for the accident. In support of his motion, he noted plaintiff Borden's deposition testimony that he was driving his vehicle between 20 and 25 miles per hour at the time of the accident, that Ramirez was tailgating his car, and that the limousine driver pulled out in front of his car suddenly. In opposition to Woodley's motion, plaintiff and defendant Dunn argued that an issue of fact as to Woodley's negligence was raised by his deposition testimony that he stopped his vehicle abruptly.

The motion court erred in denying Woodley's motion for summary judgment. The driver of a stopped vehicle struck from behind by another vehicle is entitled to summary judgment unless the driver of the following vehicle presents a nonnegligent explanation for the accident, or a nonnegligent reason for his failure to maintain a safe distance between his car and the lead car (*see Mullen v Rigor*, 8 AD3d 104 [2004]; *Agramonte v City of New York*, 288 AD2d 75 [2001]). A claim that the lead vehicle "stopped suddenly" is generally insufficient to rebut the presumption of nonnegligence on the part of the lead vehicle (*see Mullen, supra*; *Agramonte, supra*; *Malone v Morillo*, 6 AD3d 324 [2004]).

Here, it is undisputed that Woodley stopped his vehicle abruptly to avoid hitting the stretch limousine that unexpectedly pulled out in front of him from a parking space. Notably,

plaintiff Borden's deposition testimony established that the limousine pulled out in front of Woodley's vehicle without warning, that defendant Ramirez was tailgating them, and that Woodley was operating his vehicle in a prudent manner at the time of the accident. Under these circumstances, defendant Woodley's conduct in bringing his vehicle to an abrupt stop is insufficient to create a triable issue of fact as to whether he was negligent in operating his vehicle (*see Mitchell v Gonzalez*, 269 AD2d 250 [2000]; *Danza v Longieliere*, 256 AD2d 434 [1998], *lv dismissed* 93 NY2d 957 [1999]; *cf. Malekan v City Harvest*, 234 AD2d 94 [1996]). Concur—Tom, J.P., Friedman, Nardelli, Sweeny and Malone, JJ.