■ Betty Francisco, Plaintiff, v Tracy Schoepfer et al., Defendants, Kim Joonsuk, Appellant, and Join Service Corp. et al., Respondents. [817 NYS2d 52]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 23, 2005, which, to the extent appealed from, denied defendant Kim Joonsuk's motion for summary judgment dismissing the complaint and all cross claims against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Kim Joonsuk dismissing the complaint and all cross claims against him.

This personal injury action arises out of a four-car motor vehicle accident which occurred in the vicinity of the Triborough Bridge tollbooths, at the western end of the bridge. The weather conditions on the day in question were clear and dry. There is nothing in the record to contradict defendant Joonsuk's claim that his vehicle was fully stopped in the far right lane of the toll plaza behind a vehicle operated by defendant Tracy Schoepfer when Joonsuk's vehicle was struck from behind by a taxicab operated by defendant Roman Parl and owned by defendant Join Service Corp. The force of the impact propelled Joonsuk's vehicle into Schoepfer's vehicle, which then struck plaintiff Betty Francisco's vehicle.

It is well settled that " '[a] driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account the weather and road conditions' " (Malone v Morillo, 6 AD3d 324, 325 [2004], quoting Mitchell v Gonzalez, 269 AD2d 250, 251 [2000]), and any rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver who strikes the vehicle in front (Garcia v Bakemark Ingredients [E.] Inc., 19 AD3d 224 [2005]; De La Cruz v Ock Wee Leong, 16 AD3d 199 [2005]). Moreover, the injured occupants of the rear-ended vehicle are entitled to summary judgment on the issue of liability

unless the driver of the offending vehicle provides a non-negligent explanation for the collision (*Mullen v Rigor*, 8 AD3d 104 [2004]; *Agramonte v City of New York*, 288 AD2d 75 [2001]), and an assertion that the lead vehicle "stopped suddenly" is generally insufficient to rebut the presumption of negligence on the part of the offending vehicle (*id.*; *Woodley v Ramirez*, 25 AD3d 451, 452 [2006]; *Malone*, 6 AD3d 324 [2004], *supra*).

In this matter, Parl has not only failed to proffer a non-negligent explanation for the collision, but his testimony at an examination before trial actually supports Joonsuk's motion in that Parl stated, inter alia, that while traveling 30 miles per hour, he observed Joonsuk's automobile stop approximately 32 to 40 feet in front of him. There is no further amplification by Parl as to why he struck Joonsuk's automobile once he observed it stopped, regardless of his unsubstantiated allegation that Joonsuk's brake lights were not in working order, or that Joonsuk's car had stopped suddenly. Accordingly, summary judgment is warranted. Concur—Tom, J.P., Friedman, Nardelli and Sweeny, JJ.