■ HAIDY ONSY ASAAD YOUSEF, Appellant, v VERIZON INC., Respondent, et al., Defendants. [822 NYS2d 247]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 25, 2005, which, upon reargument, adhered to the prior order of the same court and Justice, entered August 11, 2005, which granted the motion of defendant Verizon Inc. for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs. Appeal from the August 11, 2005 order unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

Although the better practice would have been to plead Vehicle and Traffic Law § 1103 as an affirmative defense in its answer, Verizon was not required to do so inasmuch as the statute reflects the substantive law applicable to the facts of this case (*see Wilson v State of New York*, 269 AD2d 854 [2000], *affd* 95 NY2d 455 [2000]). That provision was properly applied by the motion court in determining whether liability might be assigned to Verizon based on its conduct of what was plainly highway work involving the use of a hazard vehicle. Inasmuch as the statute conditions the assignment of liability in such circumstances on reckless conduct, and the evidence discloses that there is no triable issue as to whether Verizon's employees acted recklessly, summary judgment dismissing the complaint as against Verizon was proper. While there was some evidence that Verizon may not have complied with all applicable safety standards, there was no evidence of intentional conduct by its employees committed in disregard of a known or obvious risk of highly probable harm (*see Saarinen v Kerr*, 84 NY2d 494, 501 [1994]). Indeed, pedestrian and automobile traffic at the subject

intersection was regulated by an admittedly unobscured traffic light, which, had it been uniformly observed, should have eliminated the risk of an accident such as the one alleged. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Gonzalez, JJ.