■ JOHN S. SOMERS, Respondent, v JOHN P. CONDLIN, Appellant. [833 NYS2d 83]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about November 28, 2006, which granted plaintiff's motion for partial summary judgment on the issue of comparative liability, unanimously affirmed, without costs.

The law is well settled that a rear-end collision with a stopped vehicle creates a presumption that the operator of the rear vehicle was negligent. Thus, the injured occupant of the front vehicle is entitled to summary judgment on liability unless the driver of the second vehicle provides a nonnegligent explanation for the collision (see Johnson v Phillips, 261 AD2d 269, 271 [1999]).

Here, the record is bereft of evidence rebutting the presumption that defendant was negligent. To the contrary, the evidence demonstrated that defendant hit plaintiff from behind while plaintiff was stopped, or very nearly stopped, on the roadway during stop-and-go traffic. Indeed, defendant conceded that he did not continuously observe plaintiff, who was driving immediately in front of him. Furthermore, there was no evidence in the record that plaintiff had acted in such a way as to cause the accident, such as by stopping suddenly or by veering in front of defendant. Since defendant failed to offer a nonnegligent explanation for the accident, or point to any evidence that plaintiff bore any comparative fault, the court properly granted plaintiff's motion for partial summary judgment on this issue (see Agramonte v City of New York, 288 AD2d 75 [2001]). Concur—Tom, J.P., Marlow, Nardelli, Gonzalez and Kavanagh, JJ.