(April 8, 2008)

■ ALLSTATE INSURANCE Co., Plaintiff, v LIBERTY LINES TRANSIT, INC., et al., Defendants. (*Action No. 1.*) RENEE BROCKINGTON, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. (*Action No. 2.*) LARRY BROCKINGTON et al., Respondents, v COUNTY OF WESTCHESTER et al., Appellants, and LAKEISHA HOWARD et al., Respondents. (*Action No. 3.*) NATASHA BROCKINGTON, Respondent, v COUNTY OF WESTCHESTER et al., Appellants, and LAKEISHA HOWARD, Respondents. (*Action No. 4.*) (And Another Action.) [855 NYS2d 599]—

In five related actions, inter alia, to recover damages for personal injuries, which were joined for trial, the County of Westchester, Liberty Lines Transit, Inc., and Robbie Paul King, defendants in action Nos. 2, 3, and 4, appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 12, 2007, which granted the renewed motion of Larry Brockington, Olivia Brockington, and Stella Martinez, the plaintiffs in action No. 3, and Natasha Brockington, the plaintiff in action No. 4, for summary judgment on the issue of liability, and granted the separate motions of Renee Brockington, the plaintiff in action No. 2, and Lakeisha Howard, as limited administratrix of the estate of Albert Stewart, and Renee Brockington, defendants in action Nos. 3 and 4, for summary judgment on the issue of liability.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Initially, we reject the appellants' contention that the Supreme Court erred in considering the renewed motion of the plaintiffs in action Nos. 3 and 4 because their previous motions for such relief had been denied. The prior orders did not determine the merits of the issues raised and did not constitute the law of the case (*see Meekins v Town of Riverhead,* 20 AD3d 399, 400 [2005]).

"A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Kimyagarov v Nixon Taxi Corp.,* 45 AD3d 736 [2007]; *see Klopchin v Masri,* 45 AD3d 737 [2007]; *Nieves v JHH Transp., LLC,* 40 AD3d 1060 [2007]). In opposition to the demonstration by the respective movants of their prima facie entitlement to judgment as a matter of law, the appellants failed to proffer sufficient evidence to rebut the inference of their own negligence and to raise a triable issue of fact. Accordingly, summary judgment was properly awarded on the issue of liability.

The appellants' remaining contentions are without merit. Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.