■ Nubia Jasmine Morales, Appellant, v Pedro P. Morales, Defendant, and Jamal Pollard et al., Respondents. (And Another Action.) [864 NYS2d 30]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about October 4, 2007, which, insofar as appealed from in this action for personal injuries arising out of a multivehicle accident, granted the motion of defendants Everett Sandoval and Eric M. Sandoval and the cross motion of defendants Jamal Pollard and Professional Transportation Corp. for summary judgment dismissing plaintiff Nubia Morales' complaint (Action No. 1, index No. 15748/04) and all cross claims as against them, unanimously affirmed, without costs.

Defendants satisfied their prima facie burden of entitlement to summary judgment based on the deposition testimony of Eric Sandoval and Pollard, who each stated that, due to a lane closure, they came to a complete stop before the vehicle in which plaintiff was a passenger and driven by plaintiff's father Pedro Morales struck Pollard's van, thereby propelling the van forward into Sandoval's car (*see Sorge v North Star Waste, LLC*, 48 AD3d 386 [2008]; *Agramonte v City of New York*, 288 AD2d 75 [2001]). In opposition, plaintiff failed to provide a nonnegligent explanation for the rear-end collision sufficient to establish an issue of fact regarding the negligence of Sandoval and Pollard (*see Ferguson v Honda Lease Trust*, 34 AD3d 356 [2006]). The Morales' speculative claims of hearing a noise and that Pollard's van had struck Sandoval's car before they collided with Pollard's van, are insufficient to overcome the clear testimony from the front two drivers that both vehicles were at a stop prior to being hit in the rear (*see Macauley v ELRAC, Inc.*, 6 AD3d 584 [2004]). Furthermore, plaintiff's affidavit submitted in opposition to the motion and cross motion contradicts her earlier deposition testimony and was properly disregarded as tailored to avoid the consequences of that earlier testimony (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499, 501 [2008]; *Israel v Fairharbor Owners, Inc.*, 20 AD3d 392 [2005]). Concur—Lippman, P.J., Gonzalez, Nardelli, Acosta and DeGrasse, JJ.