[896 NYS2d 572]

Sergio Dominguez, Jr., an Infant, by Francisca Dominguez, His Mother and Natural Guardian, et al., Plaintiffs, v Lyn Fontanella et al., Defendants.

Supreme Court, Bronx County, July 31, 2009

APPEARANCES OF COUNSEL

*Law Office of Mary A. Bjork,* Harrison (*Erica Cohn* of counsel), for Lyn Fontanella, defendant. *Morgan Melhuish Abrutyn,* New York City (*Erin O'Leary* of counsel), for *Pedro Fabian,* defendant. *Gorayeb & Associates, P.C.,* New York City (*Gail Mota* of counsel), for plaintiffs.

**OPINION OF THE COURT**

LUCY BILLINGS, J.

I. Background

Plaintiffs sue to recover for personal injuries and loss of services sustained January 6, 2007, when a motor vehicle owned and operated by defendant Fabian, in which plaintiff Sergio Dominguez, Jr. was a passenger, struck the rear of a motor vehicle owned and operated by defendant Fontanella while traveling on the Hutchinson River Parkway in Westchester County. Fontanella moves for summary judgment dismissing the claims against her (CPLR 3212 [b]), on the ground she is not liable for the collision. Upon oral argument and after attempts to settle the action, the court denies her motion for the reasons explained below.

II. Summary Judgment on Liability for the Collision

A driver traveling behind another vehicle has a duty to maintain a safe distance behind the front vehicle, whether it is moving or stopped, to avoid a rear-end collision in the event the front vehicle slows down or stops, even suddenly. (Vehicle and Traffic Law § 1129 [a]; *Woodley v Ramirez,* 25 AD3d 451, 452 [1st Dept 2006]; *Mullen v Rigor,* 8 AD3d 104 [1st Dept 2004]; *Malone v Morillo,* 6 AD3d 324, 325 [1st Dept 2004]; *Figueroa v Luna,* 281 AD2d 204, 206 [1st Dept 2001].) Fontanella's affidavit that, while she was slowing her vehicle to allow traffic to enter the roadway ahead, Fabian's vehicle hit her vehicle from the rear after Fabian looked down at a navigational device, establishes her lack of negligence and contribution in causing the collision and thus a prima facie defense to liability for the collision. (*Francisco v Schoepfer,* 30 AD3d 275 [1st Dept 2006]; *Garcia v Bakemark Ingredients (E.) Inc.,* 19 AD3d 224 [1st Dept 2005]; *see Somers v Condlin,* 39 AD3d 289 [1st Dept 2007]; *Woodley v Ramirez,* 25 AD3d at 452.) Fontanella's evidence shifts the burden to plaintiff, the passenger, and codefendant, the owner and driver of the vehicle behind hers, to present a reason attributable to Fontanella for codefendant's failure to maintain a safe distance behind her vehicle. (*Francisco v Scho-*

*epfer*, 30 AD3d at 276; *Woodley v Ramirez*, 25 AD3d at 452; *Mullen v Rigor*, 8 AD3d 104 [2004]; *Jean v Zong Hai Xu*, 288 AD2d 62 [1st Dept 2001].)

At least until recently, the above authority would have foreclosed Fontanella's sudden stop of her front vehicle, unaccompanied by her other negligent conduct, as a basis for attributing fault to Fontanella for the rear vehicle's collision with her front vehicle. Only evidence that the front vehicle veered in front of the rear vehicle (Vehicle and Traffic Law § 1128 [a]; *Summers v Teddy Cab Corp.*, 50 AD3d 671, 672 [2d Dept 2008]; *White v Gooding*, 21 AD3d 485 [2d Dept 2005]; *Jacino v Sugerman*, 10 AD3d 593, 595 [2d Dept 2004]; *Neryaev v Solon*, 6 AD3d 510 [2d Dept 2004]), failed to signal a change of direction, was operating with malfunctioning brake lights (Vehicle and Traffic Law § 1163 [c], [d]; *Ramos v Rojas*, 37 AD3d 291, 292 [1st Dept 2007]; *Yass v Liverman*, 233 AD2d 110 [1st Dept 1996]; *Morrison v Montzoutsos*, 40 AD3d 717, 718 [2d Dept 2007]), or otherwise violated the Vehicle and Traffic Law or regulations under it would raise issues as to the front driver's contributing fault. (*See Wilson v Certain Cab Corp.*, 303 AD2d 252, 253 [1st Dept 2003]; *Figueroa v Cadbury Util. Constr. Corp.*, 239 AD2d 285 [1st Dept 1997]; *Schlanger v Doe*, 53 AD3d 827, 828-829 [3d Dept 2008]; *Gibson v Gentry*, 16 AD3d 744, 745 [3d Dept 2005].)

## A. *Tutrani v County of Suffolk* Provides a Basis for Finding Fontanella Negligent

*Tutrani v County of Suffolk* (10 NY3d 906 [2008]) may have altered this state of the law and opened the door to finding a sudden stop a contributing cause of a rear-end collision. In that case, the front vehicle in a rear-end collision "abruptly" decelerated, "while changing lanes" (*id.* at 907), creating a "lane obstruction." (*Id.* at 908.) While under prior authority only the "changing lanes" would have raised an issue of the front driver's fault, *Tutrani* does not indicate that this fact is critical to finding the front driver a contributing cause of the collision or that the "lane obstruction" must result from changing lanes rather than the abrupt deceleration.

Here, contrary to Fontanella's account, Fabian attests that no vehicles were in front of Fontanella before the collision, and she admitted to him after the collision that she purposely braked because he was following too closely. Fabian's version of events fits the precise situation carved out by *Tutrani v County of Suffolk* (10 NY3d at 908): the front driver's "actions created a fore-

seeable danger that vehicles would have to brake aggressively in an effort to avoid the lane obstruction created by [the front] vehicle, thereby increasing the risk of [a] rear-end collision[ ]."

While Fontanella's sudden deceleration does not negate Fabian's own negligent inability to stop in time to avoid the rear-end collision with the vehicle ahead, *Tutrani* now holds that that inability to stop is "a normal or foreseeable consequence of the situation created" by her actions. (*Id.*; *Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Anaya v Town Sports Intl., Inc.*, 44 AD3d 485, 487 [1st Dept 2007]; *see Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *Ferrer v Harris*, 55 NY2d 285, 293-294 [1982]; *White v Diaz*, 49 AD3d 134, 139-140 [1st Dept 2008]; *Gross v New York City Tr. Auth.*, 256 AD2d 128, 130-131 [1st Dept 1998].) Contrary to Fontanella's expressed purpose, braking hard does not "ward off" the driver behind; instead, such action increased the risk of a collision by vehicles behind Fontanella. (Amended reply aff of Erica A. Cohn ¶ 11.)

## B. Vehicle and Traffic Law § 1202 (a) (1) (j) Does Not Provide a Basis for Finding Fontanella Negligent

Fontanella was not negligent, however, based on the statutory violation that Fabian claims. Vehicle and Traffic Law § 1202 (a) (1) (j) prohibits stopping, standing, or parking "a vehicle . . . [o]n a state expressway highway or state interstate route highway except in an emergency." (*See* Highway Law §§ 340-a, 340-c; Vehicle and Traffic Law §§ 145-a, 145-b; *Dowling v Consolidated Carriers Corp.*, 103 AD2d 675, 676 [1984], *affd* 65 NY2d 799 [1985].) Fontanella's stop on an expressway or interstate route, unless "necessary to avoid conflict with other traffic," (Vehicle and Traffic Law § 1202 [a]; *Mitchum v Friend*, 270 AD2d 841 [4th Dept 2000]), would violate Vehicle and Traffic Law § 1202 (a) (1) (j). (*Dowling v Consolidated Carriers Corp.*, 103 AD2d at 676; *Marsicano v Fabrizio*, 61 AD3d 941 [2d Dept 2009]; *Gregson v Terry*, 35 AD3d 358, 361 [2d Dept 2006].) Although Fontanella attests that she did not stop, but only decelerated, and did so due to traffic in front of her at the time of the collision, Fabian's conflicting account and the certified police report that she stopped raise factual issues regarding the applicability of the exception to Vehicle and Traffic Law § 1202 (a) (1)'s prohibition against stopping. (*Nevarez v S.R.M. Mgt. Corp.*, 58 AD3d 295, 298 [1st Dept 2008]; *Langhorn v K. Solo Serv. Corp.*, 302 AD2d 307, 308 [1st Dept 2003]; *Boockvor v Fischer*,

56 AD3d 405, 406 [2d Dept 2008]; *Guerra v Cantos*, 38 AD3d 714, 715 [2d Dept 2007].) Nevertheless, since the Hutchinson River Parkway is not a state expressway (Highway Law § 340-c; Vehicle and Traffic Law § 145-a), and is a state interstate route connection only between the Bronx-Whitestone Bridge approach and the Bruckner Expressway (Highway Law § 340-a; Vehicle and Traffic Law § 145-b), any stop for any reason in Westchester County would not violate Vehicle and Traffic Law § 1202 (a) (1) (j).

III. Conclusion

Consequently, the court denies defendant Fontanella's motion for summary judgment. (CPLR 3212 [b].)