■ ALLEN MANDEL, Appellant, v GEORGE E. BENN et al., Respondents, et al., Defendants. (And a Third-Party Action.) [889 NYS2d 81]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered May 19, 2008, as granted that branch of the motion of the defendants George E. Benn and MSBA/MTA Long Island Bus which was for summary judgment dismissing the complaint insofar as asserted against them, and granted the separate motion of the defendant John N. Villani for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On April 11, 2005 the plaintiff was a passenger on a bus driven by the defendant George Benn and owned by the defendant MSBA/MTA Long Island Bus (hereinafter together MTA/Benn), which was traveling westbound on Stewart Avenue, near its intersection with Merrick Avenue. A vehicle driven by the defendant John N. Villani, which was stopped on the eastbound side of Stewart Avenue, was struck in the rear by a dump truck driven by the defendant John Power and owned by the defendant Con-Kel Landscaping, and was suddenly propelled into the path of the oncoming bus. Benn swerved the bus to avoid colliding with Villani's vehicle and, as a result, the bus struck a pole, allegedly causing injuries to the plaintiff. After the plaintiff commenced this action, MTA/Benn and Villani separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted that relief. We affirm.

"A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into the oncoming lane of traffic. Such an event constitutes a classic emergency situation, implicating the emergency doctrine" (*Koenig v Lee*, 53 AD3d 567, 567 [2008], quoting *Marsch v Catanzaro*, 40 AD3d 941, 942 [2007]; *see Gajjar v Shah*, 31 AD3d 377, 377-378 [2006]). Here, MTA/Benn made a prima facie showing that Benn's reaction in the emergency situation, swerving out of the path of the oncoming vehicle, was reasonable as a matter of law under the circumstances, which were not of his own making (*see Marsch v Catanzaro*, 40 AD3d at 942; *Gajjar v Shah*, 31 AD3d at 378; *Williams v Econ*, 221 AD2d 429, 430 [1995]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327 [1986]). The conclusory and speculative assertions proffered by the plaintiff's expert are insufficient to defeat MTA/Benn's motion for summary judgment (*see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Gonzalez v 98 Mag Leas-*

*ing Corp.*, 95 NY2d 124, 129 [2000]; *Huggins v Figueroa*, 305 AD2d 460, 462 [2003]). Accordingly, the Supreme Court properly granted that branch of MTA/Benn's motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Further, " '[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Harrington v Kern*, 52 AD3d 473, 473 [2008], quoting *Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see Allstate Ins. Co. v Liberty Lines Tr., Inc.*, 50 AD3d 712, 713 [2008]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736 [2007]), or by providing "a nonnegligent reason for his failure to maintain a safe distance between his car and the lead car" (*Woodley v Ramirez*, 25 AD3d 451, 452 [2006]; *see Mullen v Rigor*, 8 AD3d 104 [2004]). The failure to do so entitles the parties in the stopped vehicle to summary judgment against the operator of the vehicle that rear-ended them (*see Allstate Ins. Co. v Liberty Lines Tr., Inc.*, 50 AD3d at 712; *Morales v Morales*, 55 AD3d 306, 307 [2008]).

Here, Villani made a prima facie showing of entitlement to judgment as a matter of law by tendering his own deposition testimony stating that his vehicle was stopped in the left eastbound lane of Stewart Avenue when it was struck in the rear by a vehicle operated by Power (*see Barile v Lazzarini*, 222 AD2d 635, 636 [1995]). In opposition, the plaintiff failed to "rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Harrington v Kern*, 52 AD3d at 473; *see Woodley v Ramirez*, 25 AD3d at 452; *Mullen v Rigor*, 8 AD3d at 104; *Barile v Lazzarini*, 222 AD2d at 636-637). Accordingly, the Supreme Court properly granted Villani's motion for summary judgment dismissing the complaint insofar as asserted against him. Rivera, J.P., Florio, Miller and Austin, JJ., concur.