■ GLORYA F. CABRERA, Appellant, v RAMON F. RODRIGUEZ, Defendant, and CERDA CORP., Respondent. [900 NYS2d 29]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered December 11, 2008, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted. It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Agramonte v City of New York*, 288 AD2d 75, 76 [2001]).

A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence (*see id.*; *Farrington v New York City Tr. Auth.*, 33 AD3d 332 [2006] [defendant first saw stopped vehicle three or four seconds before impact; even if brake lights not functioning, such failure would not adequately rebut inference of defendant's negligence]; *Francisco v Schoepfer*, 30 AD3d 275 [2006]; *Mullen v Rigor*, 8 AD3d 104 [2004] [claim that codefendant's car stopped suddenly not enough to rebut the presumption of negligence where there was no testimony as to why a safe distance could not be maintained]).

Once such a prima facie showing has been made, the burden

shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to raise a triable issue of fact (*see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281-282 [1978]).

The motion court erred in finding that "right-of-way issues" are raised by defendant driver's deposition testimony that plaintiff was "moving and perhaps changing lanes at the time of the accident." Defendant driver did not dispute that plaintiff's vehicle was stopped when defendant hit it. The most that can be said in defendant's favor is that plaintiff was attempting to move out of, not into, defendant driver's lane of traffic to get around a double-parked car. There is no allegation that plaintiff suddenly moved into defendant's lane. Concur—Andrias, J.P., Saxe, Catterson, Freedman and Abdus-Salaam, JJ.