This action seeks recovery for injuries, including a disabling lower back injury, which required surgery, allegedly sustained by plaintiff in a motor vehicle accident. CPLR 3403 (a) (3) provides that special trial preferences shall be granted in “an action in which the interests of justice will be served by an early trial.” While plaintiff failed to meet her burden in initially moving for a special trial preference on the ground of destitution (see Martinkovic v Chrysler Leasing Corp., 29 AD2d 636 [1st Dept 1968]), the deficiencies were cured on renewal, with the submission of a further affidavit from her pain management specialist, an affidavit from her neurosurgeon, and the submission of documents evidencing her monthly household income and expenses.
As plaintiff has now shown that her disabling injury prevents her from working, that she exhausted her no-fault coverage, that she receives food stamps, and that she lacks the resources to pay for necessary medical care, the grant of a special trial preference is warranted (see Patterson v Anderson Ave. Assoc., 242 AD2d 430 [1st Dept 1997]; Thompson v City of New York, 140 AD2d 232 [1st Dept 1988]). The affidavit of plaintiffs surgeon was properly submitted on renewal as his prescription for physical therapy was first made only two days before the original motion’s return date, and the other additional evidence should have been considered as a matter of substantive fairness (see CPLR 2221 [e]; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376-377 [1st Dept 2001]).
*444 As to the motion for summary judgment, the moving defendants, the owner and the operator of an ambulance which was the stopped, lead vehicle in the multi-car, rear-end collision at issue here, are entitled to a presumption of negligence against the offending vehicle (see Francisco v Schoepfer, 30 AD3d 275 [1st Dept 2006]). However, plaintiff and defendant-appellant raised triable issues of fact as to whether the ambulance driver operated her vehicle negligently and proximately caused the accident, with evidence that included plaintiff’s testimony that the ambulance driver only noticed that the truck in front of her had stopped when she looked up from a mobile communication device shortly before the crash, and the ambulance driver’s admission that there was enough room to move around the obstacle in the road instead of stopping abruptly at the end of an entrance ramp to a highway (see Tutrani v County of Suffolk, 10 NY3d 906 [2008]; Evans v Fox Trucking, 309 AD2d 618 [1st Dept 2003]). Concur — Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.