■ Alex Irrizarry Deleon, Appellant, v New York City Sanitation Department et al., Respondents. [983 NYS2d 17]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about November 21, 2012, which denied plaintiff's motion for summary judgment on the issue of liability, and granted defendants' motion for summary judgment dismissing the complaint, modified, on the law, to deny defendants' motion, and otherwise affirmed, without costs.

We agree with plaintiff that Vehicle and Traffic Law § 1103 (b), which exempts "hazard vehicles" from the rules of the road and limits the liability of their owners and operators to reckless disregard for the safety of others (*Riley v County of Broome*, 95

NY2d 455 [2000]), does not apply to the New York City street-sweeping vehicle involved in the collision with plaintiff's vehicle that gave rise to this action. Therefore, defendants are subject to the ordinary negligence standard of liability, not the reckless disregard standard on which their motion was based. At the time of the accident, in 2010, Vehicle and Traffic Law § 1103 (b) was superseded by Rules of the City of New York Department of Transportation (34 RCNY) § 4-02, which excepted street sweepers, among others, from compliance with traffic rules to the limited extent of making such turns and proceeding in such directions as were necessary to perform their operations (34 RCNY 4-02 [d] [1] [iii] [A]). While subparagraph (iv) contained a broader exception, expressly invoking Vehicle and Traffic Law § 1103, we find that subparagraph (iv) did not include street sweepers because that would have rendered subparagraph (iii) redundant and meaningless. Indeed, when 34 RCNY 4-02 was amended, in 2013, the City Council explained in its "Statement of Basis and Purpose" that the effect of the adopted rule would be "that operators of DOT and New York City Department of Sanitation snow plows, sand/salt spreaders and sweepers will *now* be subject to the general exemption set forth in subparagraph (iv) of that same subsection" (emphasis added)—a strong indication that they were not so subject before then.

Even holding defendants to an ordinary negligence standard, however, plaintiff has not established prima facie that it was their negligence that proximately caused the accident. Issues of fact exist as to plaintiff's own negligence, including whether he was the sole proximate cause of the accident. Contrary to plaintiff's contention, this was not a standard rear-end collision for which defendants have offered no nonnegligent explanation (*see Cabrera v Rodriguez*, 72 AD3d 553 [1st Dept 2010]). The operator of the street sweeper, defendant Falcaro, testified that while he was sweeping on the right side of the street, plaintiff was parked in the center of the street, and that when he started to pass plaintiff, plaintiff suddenly swerved in front of him. Indeed, the photographs in the record demonstrate that plaintiff's vehicle was not struck solely or even primarily in the rear, but in the right rear panel, i.e., primarily on the right side. Moreover, it was not stopped or stopping at the time of the accident. Concur—Saxe, J.P., Moskowitz, Feinman and Clark, JJ.

DeGrasse, J., dissents in part in a memorandum as follows: I dissent because I disagree with the majority's premise that the reckless disregard standard of care set forth under Vehicle and Traffic Law § 1103 (b) does not apply to this case. On the contrary, the reckless disregard standard does apply because Vehi-

cle and Traffic Law § 1103 was incorporated by Rules of the City of New York (34 RCNY) § 4-02 (d) (1) (iv) as it existed at the time of the parties' accident.

This case involves an October 2010 collision between plaintiff's vehicle and a mechanical street sweeper that was being operated by defendant Robert P. Falcaro, a city sanitation worker. Falcaro's testimony that he was sweeping a street at the time of the accident is not contradicted. This makes Falcaro's street sweeper a "hazard vehicle" engaged in highway maintenance within the meaning of Vehicle and Traffic Law § 117-a (*see Faria v City of Yonkers*, 84 AD3d 1306 [2d Dept 2011]). 34 RCNY 4-02 (d) (1) (iv) specifically adopted and provided for the application of the reckless disregard standard set forth in Vehicle and Traffic Law § 1103 to highway workers. No plausible construction of 34 RCNY 4-02 can take Falcaro out of the category of "highway worker." The reckless disregard standard is therefore controlling with respect to Falcaro's conduct (*cf. Riley v County of Broome*, 95 NY2d 455, 462-463 [2000]). The majority's contrary position is apparently based on an erroneous interpretation of the then existing 34 RCNY 4-02 (d) (1) (iii) which governed the operation of snow plows, sand spreaders, sweepers and refuse trucks. Where relevant, 34 RCNY 4-02 (d) (1) (iii) merely provided that an operator of these vehicles "[w]hile in the performance of his/her duty and acting under the orders of his/her superior may make such turns as are necessary and proceed in the direction required to complete his/her cleaning, snow removal or sand spreading operations subject to § 1102 of the Vehicle and Traffic Law [which requires compliance with the instructions of police officers and other persons with authority to regulate traffic]."

There is no contradiction between sections 4-02 (d) (1) (iii) and 4-02 (d) (1) (iv). As shown above, section 4-02 (d) (1) (iv) expressly adopted a reckless disregard standard while section 4-02 (d) (1) (iii) provided for no standard at all. Therefore, there is no basis for the majority's conclusion that section 4-02 (d) (1) (iii) would be rendered meaningless by an application of the section 4-02 (d) (1) (iv) standard to the operation of street sweepers. By its decision, the majority is giving section 4-02 (d) (1) (iii) a construction that adds a standard of care that the City Council chose to omit. "It is a general rule of construction that omissions in a statute, where the act is clear and explicit in its language, cannot be supplied by construction" (*Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth.*, 79 AD2d 516, 517 [1st Dept 1980], *appeal dismissed* 52 NY2d 895 [1981]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes §§ 74,

363). "[T]he failure of the Legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended" (*Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55, 60-61 [2013] [internal quotation marks and citation omitted]). Inasmuch as the reckless disregard standard of care applies, summary judgment was properly granted by the court below. Specifically, the record contains no evidence of intentional conduct by Falcaro committed in disregard of a known or obvious risk of highly probable harm (*see e.g. Yousef v Verizon Inc.*, 33 AD3d 315 [1st Dept 2006]). I would affirm the order entered below denying plaintiff's motion for summary judgment and granting defendants' cross motion for the same relief.