Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about November 21, 2012, which denied plaintiffs motion for summary judgment on the issue of liability, and granted defendants’ motion for summary judgment dismissing the complaint, modified, on the law, to deny defendants’ motion, and otherwise affirmed, without costs.
We agree with plaintiff that Vehicle and Traffic Law § 1103 (b), which exempts “hazard vehicles” from the rules of the road and limits the liability of their owners and operators to reckless disregard for the safety of others (Riley v County of Broome, 95 *405 NY2d 455 [2000]), does not apply to the New York City street-sweeping vehicle involved in the collision with plaintiffs vehicle that gave rise to this action. Therefore, defendants are subject to the ordinary negligence standard of liability, not the reckless disregard standard on which their motion was based. At the time of the accident, in 2010, Vehicle and Traffic Law § 1103 (b) was superseded by Rules of the City of New York Department of Transportation (34 RCNY) § 4-02, which excepted street sweepers, among others, from compliance with traffic rules to the limited extent of making such turns and proceeding in such directions as were necessary to perform their operations (34 RCNY 4-02 [d] [1] [iii] [A]). While subparagraph (iv) contained a broader exception, expressly invoking Vehicle and Traffic Law § 1103, we find that subparagraph (iv) did not include street sweepers because that would have rendered subparagraph (iii) redundant and meaningless. Indeed, when 34 RCNY 4-02 was amended, in 2013, the City Council explained in its “Statement of Basis and Purpose” that the effect of the adopted rule would be “that operators of DOT and New York City Department of Sanitation snow plows, sand/salt spreaders and sweepers will now be subject to the general exemption set forth in subparagraph (iv) of that same subsection” (emphasis added) — a strong indication that they were not so subject before then.
Even holding defendants to an ordinary negligence standard, however, plaintiff has not established prima facie that it was their negligence that proximately caused the accident. Issues of fact exist as to plaintiffs own negligence, including whether he was the sole proximate cause of the accident. Contrary to plaintiffs contention, this was not a standard rear-end collision for which defendants have offered no nonnegligent explanation (see Cabrera v Rodriguez, 72 AD3d 553 [1st Dept 2010]). The operator of the street sweeper, defendant Falcaro, testified that while he was sweeping on the right side of the street, plaintiff was parked in the center of the street, and that when he started to pass plaintiff, plaintiff suddenly swerved in front of him. Indeed, the photographs in the record demonstrate that plaintiffs vehicle was not struck solely or even primarily in the rear, but in the right rear panel, i.e., primarily on the right side. Moreover, it was not stopped or stopping at the time of the accident. Concur — Saxe, J.E, Moskowitz, Feinman and Clark, JJ.