DeGrasse, J.,
dissents in part in a memorandum as follows: I dissent because I disagree with the majority’s premise that the reckless disregard standard of care set forth under Vehicle and Traffic Law § 1103 (b) does not apply to this case. On the contrary, the reckless disregard standard does apply because Vehi *406 ele and Traffic Law § 1103 was incorporated by Rules of the City of New York (34 RCNY) § 4-02 (d) (1) (iv) as it existed at the time of the parties’ accident.
This case involves an October 2010 collision between plaintiffs vehicle and a mechanical street sweeper that was being operated by defendant Robert P. Falcaro, a city sanitation worker. Falcaro’s testimony that he was sweeping a street at the time of the accident is not contradicted. This makes Falcaro’s street sweeper a “hazard vehicle” engaged in highway maintenance within the meaning of Vehicle and Traffic Law § 117-a (see Faria v City of Yonkers, 84 AD3d 1306 [2d Dept 2011]). 34 RCNY 4-02 (d) (1) (iv) specifically adopted and provided for the application of the reckless disregard standard set forth in Vehicle and Traffic Law § 1103 to highway workers. No plausible construction of 34 RCNY 4-02 can take Falcaro out of the category of “highway worker.” The reckless disregard standard is therefore controlling with respect to Falcaro’s conduct (cf. Riley v County of Broome, 95 NY2d 455, 462-463 [2000]). The majority’s contrary position is apparently based on an erroneous interpretation of the then existing 34 RCNY 4-02 (d) (1) (iii) which governed the operation of snow plows, sand spreaders, sweepers and refuse trucks. Where relevant, 34 RCNY 4-02 (d) (1) (iii) merely provided that an operator of these vehicles “[w]hile in the performance of his/her duty and acting under the orders of his/her superior may make such turns as are necessary and proceed in the direction required to complete his/her cleaning, snow removal or sand spreading operations subject to § 1102 of the Vehicle and Traffic Law [which requires compliance with the instructions of police officers and other persons with authority to regulate traffic].”
There is no contradiction between sections 4-02 (d) (1) (iii) and 4-02 (d) (1) (iv). As shown above, section 4-02 (d) (1) (iv) expressly adopted a reckless disregard standard while section 4-02 (d) (1) (iii) provided for no standard at all. Therefore, there is no basis for the majority’s conclusion that section 4-02 (d) (1) (iii) would be rendered meaningless by an application of the section 4-02 (d) (1) (iv) standard to the operation of street sweepers. By its decision, the majority is giving section 4-02 (d) (1) (iii) a construction that adds a standard of care that the City Council chose to omit. “It is a general rule of construction that omissions in a statute, where the act is clear and explicit in its language, cannot be supplied by construction” (Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth., 79 AD2d 516, 517 [1st Dept 1980], appeal dismissed 52 NY2d 895 [1981]; see also McKinney’s Cons Laws of NY, Book 1, Statutes §§ 74, *407 363). “[T]he failure of the Legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60-61 [2013] [internal quotation marks and citation omitted]). Inasmuch as the reckless disregard standard of care applies, summary judgment was properly granted by the court below. Specifically, the record contains no evidence of intentional conduct by Falcara committed in disregard of a known or obvious risk of highly probable harm (see e.g. Yousef v Verizon Inc., 33 AD3d 315 [1st Dept 2006]). I would affirm the order entered below denying plaintiff’s motion for summary judgment and granting defendants’ cross motion for the same relief.