■ KENDU GERALDS, Appellant, v SALVATORE F. DAMIANO et al., Respondents. (And a Third-Party Action.) [10 NYS3d 38]—

Order, Supreme Court, New York County (Geoffrey Wright, J.), entered October 31, 2013, as amended by order (same court and Justice), entered November 8, 2013, which denied plaintiff's motion for summary judgment and a trial preference, affirmed, without costs.

Plaintiff was injured when he was struck by a truck owned by defendant New York City Department of Sanitation and

operated by defendant Salvatore Damiano. Plaintiff alleges that he stopped his vehicle on the side of the road at the Arden Avenue/Muldoon Avenue Exit Ramp off West Shore Expressway to inspect a hitch connecting a trailer he was hauling to the vehicle he was driving. Defendants' vehicle rear-ended the trailer, pushing the trailer into plaintiff and his vehicle.

The record shows that there is conflicting evidence regarding whether plaintiff was stopped on the shoulder or in an active traffic lane, in violation of Rules of City of New York Department of Transportation (34 RCNY) § 4-08 (e) (1), and whether the hazard lights on the trailer were engaged.* Under these circumstances, issues of fact exist regarding plaintiff's comparative negligence and whether his acts also proximately caused the accident. Because of these factual issues, summary judgment in plaintiff's favor is not warranted (see *Maniscalco v New York City Tr. Auth.*, 95 AD3d 510, 511 [1st Dept 2012] [plaintiff's motion for summary judgment denied where record raises a triable issue as to plaintiff's comparative fault]; *Calcano v Rodriguez*, 91 AD3d 468, 468-469 [1st Dept 2012] [same]; *White v Diaz*, 49 AD3d 134, 137-140 [1st Dept 2008] [same]; *Dowling v Consolidated Carriers Corp.*, 103 AD2d 675 [1st Dept 1984], *affd* 65 NY2d 799 [1985] [same]). As this Court noted in *White v Diaz*, issues of proximate cause are typically fact questions to be decided by a jury and are only appropriately decided on summary judgment " 'where only one conclusion may be drawn from the established facts' " (49 AD3d at 139, quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). This was the case in *Sheehan v City of New York* (40 NY2d 496 [1976]), where the Court of Appeals concluded, *as a matter of law*, that the *conceded negligence* of a sanitation truck with faulty brakes, which rear-ended a bus, was the sole proximate cause of the plaintiff's injuries, and that the location of the bus merely furnished the condition or occasion for the occurrence of the event, rather than one of its causes. As the Court held, the scenario in *Sheehan* was "singularly appropriate for the exercise of the trial court's screening function since there [wa]s so little factual controversy" (*id.* at 502). That is not the case here.

The motion court properly denied plaintiff's request for a trial preference, since he has not submitted any proof supporting his claims of destitution and inability to work (see *Roman v Sullivan Paramedicine, Inc.*, 101 AD3d 443 [1st Dept 2012]; *Smith v Horn Constr. Co.*, 12 AD2d 739 [1st Dept 1961]).

---

* Contrary to the dissent's position, we find that the conflicting testimony and photographs, which go to whether plaintiff was stopped in the shoulder or in the active driving lane, are best left to be resolved by the trier of fact.

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Richter and Kapnick, JJ.

Moskowitz, J., dissents in a memorandum as follows: Despite the majority's finding otherwise, the record contains no issues of material fact sufficient to defeat plaintiff's motion for summary judgment. Similarly, there is no conflicting evidence as to whether plaintiff was stopped on the shoulder or in an active traffic lane. Therefore, I respectfully dissent.

As the majority notes, the plaintiff was injured in a rear-end collision that occurred on Staten Island. Plaintiff was stopped on the side of the road near an exit ramp, after exiting an expressway when he exited his vehicle to inspect a hitch connecting his vehicle to a U-Haul trailer when a truck owned by defendant New York City Department of Sanitation (DOS) and operated by defendant Salvatore Damiano exited the highway onto the exit ramp, hitting the back of the trailer and pushing it into plaintiff and his vehicle.

To begin, plaintiff's moving papers amply demonstrate defendant Damiano's negligence, and Damiano has failed to offer a nonnegligent reason for rear-ending the trailer (*see Santos v Booth*, 126 AD3d 506 [1st Dept 2015]; *Cabrera v Rodriguez*, 72 AD3d 553 [1st Dept 2010]). Indeed, the Safety Unit of defendant DOS found that Damiano had, in fact, been negligent for failure to carefully use, maintain and operate department equipment.

By the same token, defendant's opposition papers do not present any genuinely conflicting evidence regarding where plaintiff's vehicle was parked when the accident took place. Both plaintiff and third-party defendant Dawn Kuras (a nonparty to the appeal), who was driving with plaintiff, testified that his vehicle was parked on the shoulder of the road, not on the road itself, when the accident occurred. Similarly, and perhaps even more significantly, a nonparty witness—a handyman and mechanic who had stopped to offer aid to plaintiff just before the accident—stated that plaintiff's vehicle was parked "at the side of the road" on "the shoulder," not on the roadway. Indeed, the photographs of the scene after the accident clearly show that the plaintiff's vehicle and trailer were parked on the area of the road marked as the shoulder, and when plaintiff, Kuras, and the witness each marked photographs of the roadway, their markings showed that plaintiff's vehicle was parked on the shoulder, not in an active driving lane.

The only evidence purporting to create a triable issue of ma-

terial fact is testimony from defendant Damiano and a DOS supervisor, who both testified that plaintiff's vehicle was parked on the roadway, not beside it on the shoulder, when the accident occurred. However, these statements contradict the ones that they gave on the same day as the accident. In his original written statement, given soon after the accident, Damiano said that as he was driving onto the exit ramp, plaintiff's vehicle was stopped "to the right of the road." Only later, at his deposition, did he testify that he actually meant to say "the right active lane," claiming that he had stated otherwise on the day of the accident simply because he was nervous. Similarly, the DOS supervisor said in his written statement, made on the same day as the accident, that plaintiff's vehicle was "parked on the side of the road, right side" at the time of the accident. But in another statement written the next day, the DOS supervisor stated that plaintiff's vehicle and trailer were parked in an "active driving lane."

Even on a motion for summary judgment, we need not credit statements that are patently false, or clearly contrary to the record evidence (*see Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). Likewise, we "need not shut our eyes to the patent falsity of a defense"—in this case, the defense of contributory negligence (*see MRI Broadway Rental v United States Min. Prods. Co.*, 242 AD2d 440 [1st Dept 1997]). That Damiano and the DOS supervisor later apparently realized the wisdom of saying that the plaintiff was parked on the roadway rather than on the shoulder, directly contradicting their observations on the day of the accident, does not serve to create a genuine issue of material fact as to plaintiff's negligence. Accordingly, I would grant plaintiff's motion for summary judgment.