Giap v Hathi Son Pham (2018 NY Slip Op 01568)





Giap v Hathi Son Pham


2018 NY Slip Op 01568


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5655 302201/13

[*1]Ly Giap, et al., Plaintiffs-Appellants,
v
Hathi Son Pham, et al., Defendants-Respondents.


Krentsel & Guzman, LLP, New York (Steven E. Krentsel of counsel), for appellants.
Law Offices of James J. Toomey, New York (Jason Meneses of counsel), for Hathi Son Pham, respondent.
Cascone & Kluepfel, LLP, Garden City (James O'Sullivan of counsel), for Juan Carlos Mejia Velez, respondent.
Russo & Tambasco, Melville (Yamile R. Al-Sullami of counsel), for Roheem Bibbins, respondent.



Order, Supreme Court, Bronx County (Ben Barbato, J.), entered December 2, 2016, which, in this action for personal injuries sustained in a motor vehicle accident, granted the motion of defendant Juan Carlos Mejia Velez for summary judgment dismissing the complaint as against him and, upon a search of the record, dismissed the complaint as against defendant Roheem Bibbins, unanimously modified, on the law, to the extent of dismissing that portion of the complaint asserting claims by plaintiff Ly Giap as against defendant Hathi Son Pham, and otherwise affirmed, without costs.
The complaint as against defendants Mejia Velez and Bibbins was properly dismissed, although we affirm on different grounds. The cars driven by Mejia Velez and Bibbins were stopped in traffic when defendant Pham rear ended Mejia Velez, and the impact propelled Mejia Velez's car into the rear of Bibbins's car. Bibbins, the driver of the first car, testified that a cab in front of him "abruptly stopped" and then Bibbins quickly stopped behind it. Mejia Velez, the driver of the middle car, testified that he saw Bibbins's car merge onto the road and that Mejia Velez was forced to gradually reduce his speed. Mejia Velez then saw Bibbins's brake lights come on and his car come to a stop, at which point Mejia Velez brought his car to a "controlled stop" behind Bibbins's car.
Defendant Pham, the driver of the rear car, in which plaintiffs were passengers, testified that she was traveling at approximately 50 miles per hour before the accident, that Mejia Velez's vehicle came to an abrupt stop, and that his car was stopped for approximately one second before the impact. Defendant Pham testified that she did not press her brakes before the accident. A claim that the lead driver came to a sudden stop, standing alone, is insufficient to rebut the presumption that the rearmost driver was negligent and the stopped vehicle was not negligent (see Cabrera v Rodriguez, 72 AD3d 553 [1st Dept 2010]; Woodley v Ramirez, 25 AD3d 451 [1st Dept 2006]; Malone v Morillo, 6 AD3d 324 [1st Dept 2004]. Thus, neither Mejia Velez nor Bibbins can be found liable for plaintiffs' injuries.
Plaintiff Giap's complaint as against defendant Pham should also have been dismissed. The record included the affirmation of a radiologist who reviewed plaintiff Giap's cervical spine MRI and opined that it revealed preexisting degenerative conditions that could not be causally related to the accident.
Plaintiff Giap failed to meet the serious injury threshold because his physicians did not [*2]explain why the accident, as opposed to degeneration, was the cause of his injuries. As to his 90/180-day claim, defendants met their burden by demonstrating the absence of causation and relying on plaintiffs' deposition testimony, which showed that Giap's activities were essentially the same after the accident (see Brownie v Redman, 145 AD3d 636, 637 [1st Dept 2016]; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
Plaintiff Pham, however, did raise an issue of fact as to the cause of her injuries. She submitted the affirmation of a radiologist, as well as her underlying MRI reports, which found degenerative conditions in her cervical and lumbar spine. Since plaintiff's own medical records showed evidence of preexisting degenerative conditions, she was required to address those findings and explain why her current reported symptoms were not related to the preexisting conditions (see Lee v Lippman, 136 AD3d 411 [1st Dept 2016]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). To the extent plaintiff's physicians asserted that plaintiff Pham had degenerative joint disease which was common for her age, that she was previously asymptomatic, that the accident aggravated her underlying degenerative joint disease, and that trauma "increases the rate of disc desiccation," rendering her now symptomatic, this was sufficient to raise an issue of fact as to causation (see McIntosh v Sisters Servants of Mary, 105 AD3d 672, 673 [1st Dept 2013] [while the plaintiff's medical records showed degenerative osteoarthritic changes, she was asymptomatic for four years before the accident, and expert's explanation that the injuries sustained were "superimposed upon her already delicate medical condition" sufficed to raise issues of fact as to the significant limitations of her spine]).
To the extent defendants argue that plaintiff Pham's claims should be barred due to a gap in treatment, such argument is unavailing. Plaintiff Pham testified that she underwent therapy until No-Fault Insurance no longer paid for treatment. This is an adequate explanation for any alleged gap in treatment (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK