Martinez v Patel (2021 NY Slip Op 01329)





Martinez v Patel


2021 NY Slip Op 01329


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 20680/16 Appeal No. 13277 Case No. 2020-02763 

[*1]Socorro Martinez, Plaintiff-Respondent,
v
Rajni P. Patel, Defendant-Respondent, Little Lisa Bus Co., et al., Defendants-Appellants.


Bamundo Zwal Schermerhorn & Caffrey LLP, New York (Bartholomew T. Russo of counsel), for appellants.
Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph of counsel), for Socorro Martinez, respondent.
James G. Bilello & Associates, Hicksville (Susan J. Mitola of counsel), for Rajni P. Patel, respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered February 18, 2020, which denied the motion of defendants Little Lisa Bus Co. Inc. and Rafael Polanco for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
Plaintiff was injured while she was a passenger on a disabled school bus on the southbound right lane of the Bronx River Parkway, which was owned by defendant Little Lisa Bus Co. Inc. and driven by defendant Rafael A. Polanco, when it was rear-ended by a motor vehicle driven by defendant Rajni P. Patel.
Plaintiff testified that the bus was moving at about 20 miles per hour and came to a gradual stop in the right lane, so that Polanco had sufficient time to steer onto the right shoulder of the highway when the bus experienced mechanical problems. This evidence conflicts with Polanco's testimony that the bus stopped abruptly and he was unable to veer it out of the right lane, and thus, raises an issue of fact as to Polanco's negligence in permitting the bus to remain disabled in a lane of travel obstructing traffic (see Geralds v Damiano, 128 AD3d 550, 551 [1st Dept 2015]; Bah v Benton, 92 AD3d 133, 135 [1st Dept 2012]). There also issues of fact as to whether Polanco and Little Lisa Bus Co. are comparatively negligent based on the conflicting testimony regarding whether Polanco properly placed reflective triangles behind the bus and turned on the blinker lights after the accident (see Bah, 92 AD3d at 135). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021