(June 4, 2009)

■ ROMAN BEDNARCZYK et al., Respondents-Appellants, v VORNADO REALTY TRUST et al., Appellants-Respondents, and CALL ELECTRIC CO., INC., Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant. SUPERIOR ACOUSTICS, INC., Third-Party Defendant-Respondent-Appellant. [881 NYS2d 51]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 11, 2008, which, in an action for personal injuries sustained when an overhead light fixture fell and struck plaintiff porter on the head while he was cleaning a bathroom undergoing renovation in an office building owned, leased, and managed by the building defendants (Vornado), inter alia, denied plaintiffs' motion for summary judgment on the cause of action against Vornado under Labor Law § 240 (1), denied Vornado's motion for summary judgment dismissing the complaint as against it, denied defendant lighting contractor's (Call) motion for summary judgment dismissing the complaint as against it, and denied third-party defendant tile contractor's (Superior) motion for summary judgment dismissing Call's third-party action, unanimously modified, on the law, to dismiss the complaint as against Vornado, and to dismiss the causes of action under Labor Law § 240 (1) and § 241 (6) as against Call, and otherwise affirmed, without costs. The Clerk is directed to enter a judgment dismissing the complaint as against defendants Vornado Realty Trust, Vornado Office Management, LLC, Korpenn LLC, and One Penn Plaza, LLC.

The allegedly dangerous condition was an electric light fixture that was suspended, apparently from a beam, after removal of the acoustic tiles and grids forming the bathroom's drop ceiling. Issues of fact exist, including who removed the grid that held the fixture and who suspended the original fixture from a beam, that make it uncertain whether the allegedly dangerous condition was created by Call, hired to remove old lighting and install temporary and new permanent lighting, or Superior, hired to remove and install ceiling tiles. Thus, dismissal of the common-law negligence-based claims by plaintiff against Call and by Call against Superior was properly denied (see *Cornell v 360 W. 51st St. Realty, LLC*, 51 AD3d 469, 470 [2008]). However, the deposition testimony establishes that no such issues of negligence exist as to Vornado, whose employees inspected the work and had the authority to stop it in the event they observed dangerous conditions or procedures but did not otherwise exercise supervisory control over the work (see *Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [2005]). Further, since the tiles were removed on the same night as the accident, there would have been no opportunity for Vornado's employees to have noticed the alleged unsafe condition. Accordingly, we modify to dismiss the common-law negligence/Labor Law § 200 causes of action against Vornado.

We also modify to dismiss plaintiffs' Labor Law § 240 (1) claims on the ground that the suspended light fixture did not pose an elevation-related risk of the kind that would be addressed by safety devices of the kinds enumerated in the statute (cf. *Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757 [2008], *affg* 44 AD3d 377 [2007]), and to dismiss plaintiffs' Labor Law § 241 (6) claims since plaintiff was not injured while engaged in construction, excavation or demolition work within the meaning of that statute (see *Jock v Fien*, 80 NY2d 965, 967 [1992]). Moreover, the Industrial Code provisions invoked by plaintiffs (12 NYCRR 23-1.7 [a] [1], [2]; 23-1.33 [a] [1], [2], [3]; 23-2.1 [a] [1]; [b]; 23-3.3 [c], [g]) are either inapplicable or insufficiently concrete to support liability (see *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Gonzalez, P.J., Friedman, Buckley and Renwick, JJ.