(May 3, 2012)

■ PHILLIP FIORENTINO et al., Respondents, v ATLAS PARK LLC et al., Respondents, and SAGE ELECTRICAL CONTRACTING, INC., Appellant. PLAZA CONSTRUCTION, INC., Third-Party Plaintiff-Respondent, v DONALDSON ACOUSTICS, Co., Third-Party Defendant-Appellant. [944 NYS2d 60]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 26, 2011, which, to the extent appealed from as limited by the briefs, granted defendants Atlas Park LLC's (Atlas) and Plaza Construction Corporation's (Plaza) motion for summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims as against them, granted Atlas's and Plaza's motion for summary judgment on their claims for contractual and common-law indemnification against defendant Sage Electrical Contracting, Inc. (Sage) and third-party defendant Donaldson Acoustics, Co. (Donaldson), conditionally, and denied Donaldson's motion for summary judgment on its claim for common-law indemnification against Sage, unanimously modified, on the law, to the extent of granting Atlas's and Plaza's motion as to their contractual indemnification claims against Sage and Donaldson, unconditionally, granting Donaldson's motion as to its common-law indemnification claim against Sage and denying Atlas's and Plaza's motion as to their common-law indemnification claim against Donaldson, and otherwise affirmed, without costs.

In this personal injury action, plaintiff seeks damages for injuries he sustained while working on a construction project on April 6, 2006 in the basement of the premises located at 8000 Cooper Avenue in Queens. Defendant Atlas owned the premises and contracted with defendant Plaza as general contractor. Plaza contracted with defendant Sage as an electrical subcontractor on the project and defendant Donaldson, plaintiff's employer, as a carpentry subcontractor. Donaldson's foreman supervised plaintiff's work. Plaintiff testified that, while he was working on the project, he never had any contact with anyone from Plaza and he never heard of a company named Atlas.

At the time of the accident, plaintiff was standing on a Baker scaffold, approximately three feet from the ground, installing acoustic ceiling tiles into a metal grid. As he was installing an exit sign tile, he noticed a BX cable, an armored electrical cable, dangling from the ceiling. While he had one hand holding the metal ceiling grid, plaintiff grabbed the cable with his other hand to push it back into the ceiling so that he could feed it through the slot that he created in the ceiling tile. As he grabbed the cable, he received an electric shock. He was unable to let go of the cable until his coworker Richie Robbins pushed the scaffold out from under him.

In April 2007, plaintiff and his wife commenced this action against Atlas, Plaza and Sage, by filing a summons and complaint, alleging causes of action based on Labor Law § 240 (1), § 241 (6), § 200 and common-law negligence. Atlas and Plaza answered and asserted cross claims against Sage for contractual indemnification and contribution. Atlas and Plaza also commenced a third-party action against Donaldson. Although the third-party complaint asserted two causes of action based on contractual indemnification, the final paragraph of the third-party complaint demanded judgment against Donaldson for contractual and common-law indemnification.

In July 2010, Atlas and Plaza moved for summary judgment dismissing plaintiffs' claims and all cross claims against them, on their cross claims against Sage for contractual and common-law indemnification, attorneys' fees and costs, and on their third-party claims against Donaldson for contractual indemnification, attorneys' fees and costs. In August 2010, Sage cross-moved for summary judgment dismissing plaintiffs' Labor Law § 240 (1), § 241 (6), § 200 and common-law negligence claims against it, and dismissing codefendants Atlas's and Plaza's cross claims for indemnification, and third-party defendant Donaldson's cross claim for indemnification. In September 2010, Donaldson also cross-moved for summary judgment, dismissing the plaintiffs' Labor Law § 240 (1) and § 241 (6) claims, as well as Sage's cross claims for common-law indemnification, and Atlas's and Plaza's claims for contractual and common-law indemnification, attorneys' fees and costs against Sage.

By order entered April 26, 2011, the motion court dismissed the Labor Law § 200 claims as against Atlas and Plaza, finding that they did not have the requisite supervision and control over plaintiff's work, and granted similar relief to Sage, determining that it was neither an owner nor a general contractor. The court denied that portion of Sage's motion seeking dismissal of the common-law claims against it. The court denied

Atlas's and Plaza's motion to dismiss plaintiffs' Labor Law § 241 (6) claim based upon the violation of 12 NYCRR 23-1.13, but granted that portion of Sage's cross motion to dismiss the Labor Law § 241 (6) claim.

As to the indemnification issues, the court conditionally granted Atlas's and Plaza's motion as to contractual and common-law indemnification against Sage and Donaldson, pending a finding of negligence. Reasoning that factual issues remained, the court denied Sage's cross motion to dismiss Atlas's, Plaza's and Donaldson's cross claims for indemnification and Donaldson's cross motion for common-law indemnification against Sage.

We reject Atlas's and Plaza's argument that Sage has no right to appeal from the part of the order that granted their motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them. Sage is aggrieved by that determination (*see* CPLR 5511) insofar as it precludes Sage from asserting claims for indemnification or contribution against Atlas and Plaza (*see Urbina v 26 Ct. St. Assoc., LLC*, 12 AD3d 225 [2004]).

In any event, an owner or general contractor will not be liable under Labor Law § 200 for injuries that arise out of the manner or method of work unless it had the authority to supervise or control that work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 556 [2009]). Contrary to Sage's argument, that Plaza or its site safety inspector had the authority to stop the work if he observed a subcontractor engaging in an unsafe activity is insufficient to establish the requisite supervision or control (*see Hughes v Tishman Constr. Corp.*, 40 AD3d 305 [2007]). That Plaza expedited the work does not establish that it supervised and controlled the manner in which the work was performed (*see Foley v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 476, 477 [2011]).

Because the Labor Law § 200 and common-law negligence claims (as well as the Labor Law § 240 [1] claim) were dismissed against them, Atlas's and Plaza's only liability, if any, would be vicarious under Labor Law § 241 (6). Accordingly, they are entitled to enforce the indemnification provisions in their contracts with Sage and Donaldson (*see Macedo v J.D. Posillico, Inc.*, 68 AD3d 508, 510-511 [2009]).

These contracts provide that Sage and Donaldson will indemnify Atlas and Plaza for "[a]ny accident or occurrence which happens, or is alleged to have happened, in or about the place where such Work is being performed or in the vicinity

thereof (a) while the Subcontractor is performing the Work, either directly or indirectly through a Subcontractor or material agreement, or (b) while any of the Subcontractor's property, equipment or personnel are in or about such place or the vicinity thereof by reason of or as a result of the performance of the Work." Because it is undisputed that plaintiff was performing work on behalf of Donaldson at the time of his accident and that Sage still had property, equipment or personnel in the place, Atlas and Plaza are entitled to unconditional summary judgment on their contractual indemnification claims.

To the extent Atlas, Plaza and Donaldson seek common-law indemnification from Sage, we affirm that part of the motion court's order that granted this relief to Atlas and Plaza, and we reverse that part of the order that denied the same relief to Donaldson. Indeed, the evidence in the record demonstrates that Atlas, Plaza and Donaldson established their prima facie entitlement to summary judgment on the issue of common-law indemnification against Sage (*see Martins v Little 40 Worth Assoc., Inc.*, 72 AD3d 483 [2010]). Contrary to the motion court's holding, Sage failed to raise an issue of fact in opposition.

The following facts are undisputed: Sage installed the BX cable that was involved in the accident, Sage was contractually responsible for "safing off"* any energized BX cables, and the BX cable involved in the accident was neither "safed off" with a wire nut nor marked with warning tape. Further, Sage was responsible for connecting and disconnecting the electricity in the area where plaintiff was injured, Sage was not required to obtain Plaza's permission before installing permanent power in the building where plaintiff was injured and Sage was not required to notify Plaza when it turned on a circuit breaker, like the one that powered the BX cable involved in the accident.

In opposition to Donaldson's cross motion, Sage asserted that an issue of fact existed as to whether the BX cable was properly "safed off." It argued that, based on its project manager Eric Gil's testimony, Sage had "safed off" the BX cable. However, Gil merely testified that Jim Liotta, Sage's foreman, understood that "the cable was somehow disrupted by somebody or somehow," and that "it was safed off and tied up . . . and that somehow, it must have [come] loose." Thus, Gil had no personal knowledge as to the condition of the BX cable prior to the accident. Accordingly, his testimony was insufficient to raise an issue of fact. The motion court reasoned that Gil's testimony conflicted with the testimony of Donaldson's foreman, Eric

---

* "Safing off" a BX cable involves "skinning" the metal jacket of the wire back and then capping the wire with a rubber wire nut.

Anderson, who stated that he could tell from looking at the BX cable involved in the accident that "it was not safed off," because "the wires were spliced and there were no wire nuts on them." However, Anderson's testimony was based on his personal knowledge.

Moreover, Sage and Donaldson understood that the project would be constructed on a fast track basis and that they would work overtime and even out of sequence. Sage and Donaldson were also contractually bound to use their best efforts to complete the work expeditiously. Thus, Sage's argument in opposition to Atlas's and Plaza's motion that Plaza played a role in plaintiff's accident, because of its failure to coordinate properly the various subcontractors' work on the project, including requiring Sage and Donaldson to perform some of the work out of sequence, is unsupported by the record.

Finally, although the last paragraph of Atlas's and Plaza's third-party complaint contained a reference to a common-law indemnification claim against Donaldson, their motion sought relief only as to their contractual indemnification claim. It appears that the motion court granted summary judgment on Atlas's and Plaza's common-law claim for indemnification against Donaldson inadvertently as they did not request this relief, and this relief is not available here. Workers' Compensation Law § 11 bars common-law indemnity against Donaldson, plaintiff's employer, because the injuries claimed do not meet the statutory definition of "grave" injury (*see Acosta v Green Mgt. Corp.*, 267 AD2d 67, 68 [1999]). The statute does not, however, bar contractual indemnification where the employer has a contract with the third party, prior to the accident, in which it agreed to indemnify for an employee's loss (*id.*). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.

---

Motion to adjourn appeal denied. **[Prior Case History: 2011 NY Slip Op 31057(U).]**