Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered on or about July 20, 2011, which, to the extent appealed from, upon reargument, vacated the prior order of the court granting defendants-appellants’ motion for summary judgment dismissing the complaint and cross claim as against them, unanimously modified, on the law, to reinstate the prior order granting defendants-appellants’ motion, and, upon a search of the record, grant defendants-respondents’ cross motion for summary judgment dismissing the complaint and cross claim as against them, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of all defendants, dismissing the complaint in its entirety and all cross claims.
The court properly considered plaintiffs’ motion to reargue, even though it was untimely under CPLR 2221 (d) (3). “Regardless of statutory time limits concerning motions to reargue, every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action” (Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; see also Kleinser v Astarita, 61 AD3d 597, 598 [1st Dept 2009]).
However, on the merits, the court should have adhered to its prior order. Defendants made a prima facie showing of their entitlement to judgment as a matter of law with evidence that plaintiffs’ vehicle rear-ended defendants-appellants’ vehicle, which was stopped or coming to a stop. “It is well settled that a *482 rear-end collision with a stopped vehicle creates a presumption that the operator of the moving vehicle was negligent” (Agramonte v City of New York, 288 AD2d 75, 76 [1st Dept 2001]).
In opposition, plaintiffs failed to offer a nonnegligent explanation for the collision (Agramonte, 288 AD2d at 76). Plaintiff driver’s testimony that defendants-appellants’ vehicle stopped suddenly and then struck defendants-respondents’ vehicle is insufficient to raise a triable issue of fact (see Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]). Indeed, plaintiff driver failed to explain why he did not maintain a safe distance between his vehicle and defendants-appellants’ vehicle (see Soto-Maroquin v Mellet, 63 AD3d 449, 449-450 [1st Dept 2009]). Plaintiff driver’s testimony that it had been raining on and off on the day of the accident is also insufficient, by itself, to raise an issue of fact (Mitchell v Gonzalez, 269 AD2d 250, 251 [1st Dept 2000]). Nor was a triable issue of fact raised by the eyewitnesses’ sworn statements that defendants-respondents’ vehicle rear-ended a vehicle before plaintiffs’ vehicle rear-ended defendants-appellants’ vehicle (see Soto-Maroquin, 63 AD3d at 450). Although defendants-respondents did not file a notice of appeal from the denial of their cross motion for summary judgment, upon a search of the record, we grant their cross motion (see Lopez v Simpson, 39 AD3d 420, 421 [1st Dept 2007]). Concur— Mazzarelli, J.R, Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.