■ EMILIO CUOMO, Plaintiff, v 53RD AND 2ND ASSOCIATES, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. SAGE ELECTRICAL CONTRACTING, Third-Party Defendant-Respondent. [975 NYS2d 53]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 8, 2013, which denied third-party plaintiffs' motion for summary judgment declaring their entitlement to contractual defense and indemnification from third-party defendant (Sage) in the underlying personal injury action, unanimously modified, on the law, to grant the motion to the extent of declaring that 53rd and 2nd Associates, LLC (the owner) is entitled to indemnification and to the present payment of its defense costs, and that Plaza Construction Corp. is entitled to conditional indemnification to the extent it is found free from negligence in the underlying accident, and otherwise affirmed, without costs.

As Sage concedes, there is no issue of fact as to the owner's active culpability in the underlying accident, and therefore the owner is entitled to summary judgment on its claim for contractual indemnification (see Fiorentino v Atlas Park LLC, 95 AD3d 424, 426-427 [1st Dept 2012]; Macedo v J.D. Posillico, Inc., 68 AD3d 508, 510-511 [1st Dept 2009]).

Although, as third-party plaintiffs concede, there are issues of fact as to Plaza's active negligence, Plaza is entitled to conditional summary judgment on its claim for contractual indemnification; the extent of its indemnification depends on the extent to which any negligence on its part is found to have contributed to the accident (see Hernandez v Argo Corp., 95 AD3d 782, 783 [1st Dept 2012]; Burton v CW Equities, LLC, 97 AD3d 462, 463 [1st Dept 2012]). However, Plaza's motion for an order requiring Sage to defend it must be denied as premature, since Sage is a non-insurer, and its duty to defend is not broader than its duty to indemnify (see JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 575-576 [1st Dept 2012]).

The owner being without fault and therefore unconditionally entitled to indemnification, Sage's express contractual duty to defend the owner also imposes upon it a present obligation to pay the costs of the owner's defense (see State of New York v Travelers Prop. Cas. Ins. Co., 280 AD2d 756, 758 [3d Dept 2001]; see also State of New York v Travelers Prop. Cas. Ins. Co., 2002 NY Slip Op 50139[U] [Sup Ct, Broome County 2002]). Concur—Gonzalez, P.J., Tom, Renwick, Freedman and Clark, JJ.