(February 6, 2014)

■ ROBERT JENKINS, Respondent, v THE RELATED COMPANIES, L.P., et al., Respondents, and W5 GROUP, LLC, Doing Business as WALDORF DEMOLITION, Appellant. [979 NYS2d 581]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 7, 2013, which, insofar as appealed from as limited by the briefs, denied the motion of defendant W5 Group, LLC doing business as Waldorf Demolition (Waldorf) for summary judgment dismissing the complaint as against it, and granted the cross motion of defendants The Related Companies, L.P., 42nd and 10th Associates, LLC, and Tishman Construction Corporation (collectively construction defendants) for summary judgment on their contractual indemnification claim against Waldorf, unanimously affirmed, without costs.

On December 28, 2010, plaintiff, a glazier for a nonparty subcontractor, slipped and fell on ice while walking on an outdoor setback of a building under construction. The construction defendants included the owner of the premises, and the general contractor and construction manager on the project. Defendant Waldorf was the general cleanup contractor pursuant to a contract, and had agreed to provide additional "blizzard storm snow removal" services in response to a blizzard that occurred between December 26, 2010 and December 28, 2010.

Waldorf's motion for summary judgment was properly denied as the record presents a triable issue of fact as to whether Waldorf owed plaintiff a duty of care by having "launched a force or instrument of harm" in failing to exercise reasonable care in the performance of its snow and ice removal duties (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002] [internal quotation marks omitted]). The evidence, including photographs and videos taken at the scene of the accident showing the icy condition and deposition testimony that there was no sand or salt in the area where plaintiff fell, raises questions as to whether Waldorf had adequately salted the pathway, and therefore, whether it created or exacerbated the hazardous ice condition (*see Ramirez v BRI Realty*, 2 AD3d 369 [1st Dept 2003]; *Figueroa v Lazarus Burman Assoc.*, 269 AD2d 215 [1st Dept 2000]).

The motion court properly granted the construction defendants' cross motion for summary judgment on their contractual indemnification claim against Waldorf. The parties' contract contains a broad indemnification provision and does not require a showing of negligence on Waldorf's part. Moreover, given the lack of evidence of active negligence on the part of the construction defendants, they are entitled to full, not conditional, indemnification (*see Fiorentino v Atlas Park LLC*, 95 AD3d 424 [1st Dept 2012]; *cf. Cuomo v 53rd & 2nd Assoc., LLC*, 111 AD3d 548 [1st Dept 2013]). Concur—Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ.