Falcone v Dorius (2018 NY Slip Op 02884)





Falcone v Dorius


2018 NY Slip Op 02884


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6372 160577/15

[*1]Charmaine Falcone, Plaintiff-Appellant,
v Claude Dorius, et al., Defendants-Respondents, Veruskha Santana, Defendant.


Diamond & Diamond, LLC, Brooklyn (Stuart Diamond of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for Claude Dorius and Surrey Cab Corp., respondents.
Law Offices of Richard A. Reinstein, P.C., Brooklyn (Robert J. Adams, Jr. of counsel), for Jaekyu A. Kim and David Mashkabov, respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 1, 2017, which granted defendants-respondents' motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
The unrefuted evidence establishes that defendants Claude Dorius and Jaekyu A. Kim, operating taxis owned by defendants Surrey Cab Corp. and David Mashkabov, respectively, were lawfully double-parked, discharging passengers, when a car allegedly driven by defendant Veruskha Santana collided with the rear of Kim's car, which caused Kim's car to collide with Dorius's car as plaintiff was preparing to exit it. The fact that the taxis were rear-ended while stopped is prima facie evidence that their drivers were not negligent (Profita v Diaz, 100 AD3d 481 [1st Dept 2012]; see also Rules and Regulations of City of NY Department of Transportation [34 RCNY] § 4-11[d]). Plaintiff failed to offer a nonnegligent explanation for the rear-ending of Kim's car that raises an issue of fact as to the taxi drivers' negligence (see Santana v Tic—Tak Limo Corp., 106 AD3d 572, 573-574 [1st Dept 2013]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK