Cintron v RC Dolner, LLC (2018 NY Slip Op 03757)





Cintron v RC Dolner, LLC


2018 NY Slip Op 03757


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6673 20497/12E 50000/15E 43100/15E

[*1]John Cintron Jr., Plaintiff-Respondent,
v
RC Dolner, LLC, Defendant-Appellant, H & H Woodworking, Inc., et al., Defendants-Respondents. [And Third-Party Actions]


Cartafalsa, Slattery, Turpin & Lenoff, New York (Michael J. Lenoff of counsel), for appellant.
The Law Offices of Anthony Iadevaia, New York (Susan Davis of counsel), for John Cintron Jr., respondent.
Law Office of Tobias & Kuhn, New York (Anthony Bianchi of counsel), for H & H Woodworking, Inc. and H & H Woodworking, LLC, respondents.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered May 15, 2017, which granted plaintiff's motion to renew, and, upon renewal, denied the motion of defendant RC Dolner, LLC (defendant)for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant's motion for summary judgment was properly denied in this action where plaintiff, a security guard at a building under construction, alleges that he was injured when he backed into a wood plank protruding from a saw table that had been placed in a manner that created a dangerous condition. Defendant was the construction manager of the project.
The record presents triable issues of fact as to whether defendant had sufficient control of the work site and notice of the unsafe condition as to warrant liability (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 556 [1st Dept 2009]). Defendant's project manager stated that, not only did defendant have general supervisory authority and the authority to stop any work perceived to be unsafe, but defendant would designate the areas where subcontractors would put away equipment and would tell workers where to move such equipment. Defendant also had rules regarding how the subcontractors were to put away equipment, held weekly safety meetings, and had exclusive oversight over the subcontractors. Defendant's project manager further testified that defendant's laborers would clean up the site after the subcontractors left, and while they were not authorized to move equipment, he did not know if defendant's laborers actually moved the subject saw table (see Haseley v Abels, 84 AD3d 480, 482 [1st Dept 2011]; Bednarczyk v Vornado Realty Trust, 63 AD3d 427, 428 [1st Dept 2009]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK