Little v Morillo (2019 NY Slip Op 00063)





Little v Morillo


2019 NY Slip Op 00063


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8027 22388/15

[*1]Robert Little, Plaintiff-Respondent,
v
Jorge J. Morillo, et al., Defendants-Respondents, Vanessa Garcia, Defendant-Appellant.


Law Offices of William S. Boorstein, New York (Debora L. Jacques of counsel), for appellant.
Rosenbaum & Rosenbaum, P.C., New York (Jonathan Davis of counsel), for Robert Little, respondent.
The Law Offices of Richard J. DaVolio, P.C., Sayville (Richard J. DaVolio of counsel), for Jorge J. Morillo and Rolling Frito Lay Sales, LP, respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered March 19, 2018, which, in this action for personal injuries sustained in a multi-vehicle accident, denied the motion of defendant Vanessa Garcia for summary judgment dismissing the complaint and all cross claims as against her, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant Morillo failed to offer a nonnegligent explanation for the accident, in which he struck Garcia's vehicle in the rear, which then struck plaintiff's vehicle (see Morgan v Browner, 138 AD3d 560 [1st Dept 2016]). Hence, Morillo's claim that Garcia stopped short is insufficient, as Morillo failed to explain why he did not maintain a safe distance from Garcia, or why, with the light having just turned green, he was unable to stop in time (see e.g. Santana v Tic-Tak Limo Corp., 106 AD3d 572, 573-574 [1st Dept 2013]; Profita v Diaz, 100 AD3d 481 [1st Dept 2012]). In any event, inasmuch as Morillo also testified that plaintiff, whose vehicle was the first vehicle in this three vehicle accident, also stopped before the accident, Garcia would have had no choice but to stop as well.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK