Djuric v City of New York (2019 NY Slip Op 03538)





Djuric v City of New York


2019 NY Slip Op 03538


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9226 151057/12

[*1]Michael Djuric, et al., Plaintiffs-Appellants-Respondents,
v
The City of New York, et al., Defendants-Respondents, Shaw Environmental & Infrastructure Engineering of New York, P.C., Defendant-Respondent-Appellant.
Shaw Environmental & Infrastructure Engineering of New York, P.C., Third Party Plaintiff-Appellant,
v
Bidwell Environmental, LLC, Third-Party Defendant-Respondent.


Sacks and Sacks LLP, New York (Scott N. Singer of counsel), for appellants-respondents.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for appellant/respondent-appellant.
Fabiani Cohen & Hall, LLP, New York (Allison A. Snyder of counsel), for The City of New York and the New York City Department of Environmental Protection, respondents.
McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for Bidwell Environmental, LLC, respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered May 14, 2018, which granted the motions of defendants Shaw Environmental & Infrastructure Engineering of New York PC (Shaw), The City of New York and the New York City Department of Environmental Protection for summary judgment dismissing the complaint, denied plaintiffs' motion for partial summary judgment on their claims pursuant to Labor Law §§ 240(1) and 241(6), and granted the motion of third-party defendant Bidwell Environmental & Infrastructure Engineering of New York (Bidwell) for summary judgment dismissing Shaw's third-party complaint against Bidwell, unanimously affirmed, without costs.
The motion court correctly found that Labor Law § 240(1) was inapplicable here, because the pipe saddle that detached from an overhead ceiling pipe assembly and struck plaintiff was not an object that required securing for the purposes of the undertaking; rather it was a permanent part of the structure (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268-269 [2001]; Bednarczyk v Vornado Realty Trust, 63 AD3d 427, 428 [1st Dept 2009]).
Similarly, plaintiffs' Labor Law § 241(6) claim was correctly dismissed, since neither of the pleaded violations of the Industrial Code apply. 12 NYCRR 23-1.7(a)(1) is inapplicable here, because plaintiff was not injured by debris that may have been falling from a ceiling demolition, but instead, from a fixture of the building which dislodged (see Marin v AP-Amsterdam 1661 Park LLC, 60 AD3d 824, 825-826 [2d Dept 2009]). 12 NYCRR 23-3.2(b) is also inapplicable [*2]because it pertains to protecting the stability of adjacent structures, not the stability of the building or structure allegedly being demolished (see Perillo v Lehigh Const. Group., Inc., 17 AD3d 1136, 1138 [4th Dept 2005]).
Plaintiffs' claims of common-law negligence and Labor Law § 200 were also properly dismissed. Defendants made a prima facie showing of lack of notice of any problem with pipe saddles through the testimony of the construction manager's representative who regularly walked the site and saw no evidence of the alleged condition, and the evidence that there were no complaints or prior similar incidents at the property (see Rodriguez v Dormitory Auth. of State of N.Y., 104 AD3d 529, 530 [1st Dept 2013]). Constructive notice is also inapplicable because the defective pipe saddle was latent, such that the construction manager's representative's inspections would not have alerted it to the potential hazard of the object becoming dislodged and falling (see Lopez v Dagan, 98 AD3d 436, 438-439 [1st Dept 2012], lv denied 21 NY3d 855 [2013]).
Even to the extent the accident could be characterized as occurring due to the work, as opposed to the condition of the premises, construction manager Shaw cannot be held liable because it did not have authority to supervise and control the work (see Fiorentino v Atlas Park LLC, 95 AD3d 424, 426 [1st Dept 2012]).
There is similarly no evidence that Bidwell had such authority, or that it was in any way negligent, and thus the third-party complaint was correctly dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK