Callahan v Haji (2020 NY Slip Op 07697)





Callahan v Haji


2020 NY Slip Op 07697


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 25805/17 Appeal No. 12712 Case No. 2020-00160 

[*1]Lorraine Callahan, Plaintiff-Appellant,
v
Hussein A. Haji et al., Defendants-Respondents, Maxine H. Verne, Defendant.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, Harrison (Julia E. Braun of counsel), for Uber Technologies, Inc., respondent.
The Zweig Law Firm, P.C., Brooklyn (Jonah S. Zweig of counsel), for Hussein A. Haji and Samina M. Rana, respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered May 30, 2019, which granted defendants Hussein A. Haji and Samina M. Rana's (the Haji defendants) and defendant Uber Technologies, Inc.'s (Uber) motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The Haji defendants established prima facie that the accident in which the vehicle owned by Rana and operated by Haji was struck in the rear by defendant Maxine H. Verne's vehicle was caused by Verne's negligence. A rear-end collision with another vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle (see Figueroa v Luna, 281 AD2d 204, 206 [1st Dept 2001]; see also Santana v Tic Tak Limo Corp., 106 AD3d 572 [1st Dept 2013]).
In opposition, plaintiff, who was a passenger in the vehicle Haji was driving, failed to raise an issue of fact as to Haji's negligence. The discrepancies in plaintiff's and Haji's recollection of the accident do not go to a material fact. Importantly, it is immaterial whether his vehicle was moving or standing still when Verne's vehicle hit it, because liability could not arise from Haji's simply moving with the traffic (see Corrigan v Porter Cab Corp., 101 AD3d 471 [1st Dept 2012]; Profita v Diaz, 100 AD3d 481 [1st Dept 2012]; see also Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312 [2004]; Gregory v National Amusements, Inc. 179 AD3d 468 [1st Dept 2020]).
Contrary to plaintiff's contention, defendants' motions were not premature because plaintiff herself knew the relevant facts concerning the accident. (see Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020