Carranza v Memorial Hosp. for Cancer & Allied Diseases (2024 NY Slip Op 01671)

Carranza v Memorial Hosp. for Cancer & Allied Diseases

2024 NY Slip Op 01671

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Index No. 300322/17 Appeal No. 1930 Case No. 2023-01277 

[*1]Delis Vasquez Carranza, Appellant,
v
Memorial Hospital for Cancer and Allied Diseases, et al., Respondents.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Dopf, P.C., New York (Martin B. Adams of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 23, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and granted defendant Turner Construction Company's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it, unanimously modified, on the law, to grant plaintiff's motion on the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff was injured while working in an elevator shaft when a 150-pound formwork panel fell approximately four feet onto his right knee as his co-workers attempted to manually hand up the panel to an overhead suspended scaffold. His deposition testimony, supplemental affidavit, an incident report, and the general contractor's written safety policies established prima facie that plaintiff was injured by a falling object that should have been secured by a safety device contemplated by Labor Law § 240(1) (see generally Taopanta v 1211 6th Ave. Prop. Owner, LLC, 212 AD3d 566, 567 [1st Dept 2023]; Aramburu v Midtown W.B. LLC, 126 AD3d 498, 499-500 [1st Dept 2015]). Defendants failed to rebut this showing. Their expert's affidavit failed to raise a triable issue due to the lack of factual support underlying his opinion (see e.g. Touray v HFZ 11 Beach St. LLC, 180 AD3d 507, 508 [1st Dept 2020]).
Supreme Court properly dismissed plaintiff's Labor Law § 200 and common-law negligence claims against defendant general contractor. Plaintiff's accident arose from the means and methods of the work, which were directed and controlled by his employer. The general supervisory powers conferred on the general contractor by its agreement with the defendant owner were insufficient to support such claims against the general contractor (see generally Fiorentino v Atlas Park LLC, 95 AD3d 424, 426 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024