| **63rd & 3rd NYC LLC v RSC Group LLC** |
|:---:|
| 2026 NY Slip Op 30688(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 657421/2019 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
### NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>HON. SABRINA KRAUS</u><br>*Justice* | **PART**      **57M** |

--------------------------------------------------------------------------------X

63RD & 3RD NYC LLC,

            Plaintiff,

         - v -

RSC GROUP LLC,

            Defendants.

--------------------------------------------------------------------------------X

RSC GROUP LLC

            Plaintiff,

        -against-

HUDSON MERIDIAN CONSTRUCTION GROUP, LLC,
DOMANI INSPECTION SERVICES INC., WSP, MANUEL
GLAS ARCHITECTS

            Defendants.

--------------------------------------------------------------------------------X

RSC GROUP LLC

            Plaintiff,

        -against-

ADVANCED CONTRACTING SOLUTIONS, LLC, TRIDENT
GENERAL CONTRACTING

            Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 657421/2019 |
| **MOTION DATE** | 01/20/2026 |
| **MOTION SEQ. NO.** | 015 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595281/2020

Second Third-Party
Index No. 595429/2025

The following e-filed documents, listed by NYSCEF document number (Motion 015) 1, 11, 223, 576, 629, 630, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, 643, 644, 645, 659, 660, 661, 662, 663

were read on this motion to/for         <u>REARGUMENT/RECONSIDERATION</u> .

**657421/2019   63RD & 3RD NYC LLC vs. RSC GROUP LLC**          **Page 1 of 6**
**Motion No. 015**

1 of 6

[* 1]

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

63rd & 3rd NYC LLC ("63rd") commenced this action against RSC Group LLC ("RSC") seeking damages for contractual indemnification, breach of contract and negligence due to RSC's allegedly negligent manufacture and installation of a concrete masonry unit ("CMU") for a construction project at 63rd's building located at 1059 Third Avenue, New York, NY (the "Building") that fell into an adjacent building located at 200 East 63rd Street, New York, NY.

RSC commenced a third-party action against Hudson Meridian Construction Group, LLC ("Hudson") seeking damages for breach of contract and negligence and also contribution and common-law indemnification in connection with the above incident (NYSCEF Doc No. 11).

On September 16, 2024, Hudson moved for summary judgment seeking dismissal of RSC's third-party complaint (NYSCEF Doc No. 223 [mot. seq. 009]). RSC opposed Hudson's motion, but RSC did not separately move for summary judgment.

On July 28, 2025, this Court issued a decision and order that granted Hudson's motion for summary dismissal of RSC's breach-of-contract claim as against it for RSC's failure to oppose dismissal of that claim, but the decision denied Hudson's dismissal of RSC's common-law indemnification and contribution claims (NYSCEF Doc No. 631 [Exhibit A]).

## PENDING MOTIONS

On February 20, 2026, Hudson moved by order to show cause for an order granting leave to reargue the Court's July 28, 2025, decision and order denying Hudson's motion for summary dismissal of RSC's common-law indemnification and contribution claims (NYSCEF Doc No. 629 [mot. seq. 015]).

The motion was fully briefed and marked submitted on February 19, 2026.

**657421/2019   63RD & 3RD NYC LLC vs. RSC GROUP LLC**                                    **Page 2 of 6**
  **Motion No.  015**

2 of 6

[* 2]

## DISCUSSION

CPLR § 2221(d) provides:

A motion for leave to reargue:

1. shall be identified specifically as such;

2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and

3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. This rule shall not apply to motions to reargue a decision made by the appellate division or the court of appeals.

Hudson's motion is untimely as Hudson filed this motion for leave to reargue on January 20, 2025—nearly six months after its July 29, 2025, service of Notice of Entry (*see* NYSCEF Doc No. 576). However, a court may entertain a party's motion for leave to reargue beyond the 30-day limit when there is a pending appeal and the appeal is unperfected (*Kugel v Reynolds*, 228 AD3d 743, 746–47 [2d Dept 2024]; *see also Profita v Diaz*, 100 AD3d 481, 481 [1st Dept 2012] [*holding that the trial court providently exercised its discretion to consider a motion for leave to reargue past the 30-day time limit*]). The Court may thus consider Hudson's motion for leave to reargue as the appeal in this case has not yet been perfected (*see* Case No. 2025-05182).

Hudson first argues that the Court misapprehended the law and facts in the prior motion because 63rd only seeks economic damages against RSC and RSC's contribution claims, which seek contribution for economic damages, should have been dismissed as contribution is unavailable when for mere economic loss.

CPLR § 1401 provides:

two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.

**657421/2019   63RD & 3RD NYC LLC vs. RSC GROUP LLC**                                   **Page 3 of 6**
**Motion No.  015**

The economic loss doctrine bars contribution claims for liability stemming from the same cause of action that only seeks damages for economic loss and not for personal injury or injury to property (*see Board of Mgrs. of Hester Gardens v Well-Come Holdings LLC*, 128 AD3d 601, 601 [1st Dept 2015]; *Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 29 [1987]). Further, "purely economic loss resulting from a breach of contract does not constitute injury to property" under CPLR § 1401 (*Children's Corner Learning Ctr. V A. Miranda Contr. Corp.*, 64 AD3d 318, 323 [1st Dept 2009] [internal quotation omitted]).

In the main action, 63rd filed suit against RSC for contractual indemnification, breach of contract and negligence in connection with RSC's allegedly defective manufacture and installation of the CMU which caused personal injury and damage to the *adjacent building* and the other *tenants* within it. The damages sought against RSC are purely economic as the property damage and personal injury were not suffered by 63rd, and the damages 63rd seeks against RSC for contractual indemnification, breach of contract and negligence are for its economic loss in defending against and potentially being liable for the separate actions in connection with the CMU incident (*see* NYSCEF Doc No. 639 [63rd's Complaint against RSC]). Hudson was thus correct that it should have been entitled to summary judgment dismissing RSC's contribution claim as RSC can only be liable to 63rd for pure economic loss in the main action.

Hudson also argues that it should have been granted summary judgment dismissing RSC's common-law indemnification claims as Hudson's "motion for summary judgment has provided the Court with ample evidence indicating the RSC's failure in abiding with the Subcontract which caused the Incident to occur" (NYSCEF Doc No. 630).

Common-law indemnification is available "in favor of one who is held responsible solely by operation of law because of [that party's] relation to the actual wrongdoer" (*McCarthy v*

**657421/2019   63RD & 3RD NYC LLC vs. RSC GROUP LLC**
**Motion No. 015**

**Page 4 of 6**

4 of 6

[* 4]

*Turner Constr., Inc.*, 17 NY3d 369, 375 [2011]). A party "cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part" (*Stewart Tit. Ins. Co. v New York Tit. Research Corp.*, 178 AD3d 618, 619 [1st Dept 2019]). Vicarious liability is "the imputation of liability to [a] defendant for another person's fault, based on [the] defendant's relationship with the wrongdoer" (*Kavanaugh v Nussbaum*, 71 NY2d 535, 546 [1988]). Common-law indemnification is available to a party who is vicariously liable for breach of contract due to another party's misconduct (*see Fiorentino v Atlas Park LLC*, 95 AD3d 424, 427 [1st Dept 2012] [*holding that a contractor was entitled to common-law indemnification against a subcontractor for the subcontractor's failure to properly adhere to a construction contract*]).

Hudson argues that it was entitled to summary judgment dismissing RSC's common-law indemnification claim because it was free from negligence and the CMU incident was caused in whole part due to RSC's negligence, but Hudson submitted no evidence affirmatively establishing that it was not negligent nor that RSC was negligent (*see* NYSCEF Doc No. 634 [Hudson's MSJ in support]). Hudson merely asserts that "RSC's motion for summary judgment is devoid of any facts that establishes [sic] any negligence on the part of HUDSON or that HUDSON breached its duty to [63rd]" (NYSCEF Doc No. 630). However, the burden for a defendant to establish entitlement to summary judgment is not met by merely pointing to gaps in the plaintiff's proof but rather by submitting evidence that affirmatively establishes why the plaintiff's claim must fail (*Matter of New York City Asbestos Litig.*, 174 AD3d 461, 461 [1st Dept 2019]). Hudson failed to meet its burden by pointing to gaps in RSC's motion for summary judgment regarding evidence of Hudson's negligence, and Hudson also did not submit evidence affirmatively establishing that RSC was negligent.

**657421/2019   63RD & 3RD NYC LLC vs. RSC GROUP LLC**                    **Page 5 of 6**
  **Motion No.  015**

[* 5]                                        5 of 6

In any event, RSC also raised issues of fact in opposition regarding whether Hudson should have been responsible for installing safety netting around the Building and whether this alleged failure to install safety netting caused the damages to the adjacent building and the personal injuries of the persons therein (*see* NYSCEF Doc No. 635).

## CONCLUSION

Accordingly, it is hereby:

ORDERED that the motion of Hudson Meridian Construction Group (mot. seq. 015) is granted to the extent that RSC's claim for contribution is dismissed as against it, but the motion is otherwise denied; and it is further

ORDERED that all other requests for relief are denied; and it is further

ORDERED that, within twenty (20) days from entry of this order, defendants shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119, New York, NY 10007); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of this Court.

20260225151522SBKRAUS8A7585AE08A243D78DA0B9B94B6EF1A7

| 2/25/2026 | | SABRINA KRAUS, J.S.C. |
|-----------|---|------------------------|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|--------------------------|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**657421/2019   63RD & 3RD NYC LLC vs. RSC GROUP LLC**
**Motion No.  015**

**Page 6 of 6**

[* 6]

6 of 6